IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA

Jeremiah W. Overman #1426110

    (Petitioner)

V.

Dr, Wang (Physician for GROC Crr. Center)

Mrs. Masenberg (Grevience Cordinater for GROC Crr. Center)

Mr. Melvin Davis (Warden GROC Crr. Center)

GROC Administration, et al.

    (Respondents)

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 1 7 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

717CV00165

### INITIAL COMPLAINT- 42 USC 1983- CIVIL RIGHTS ACT

Jeremiah W. Overman (Pro Se Petitioner)

P.O. Box 1000

Chatham, va. 24531

(GREEN ROCK CORRECTIONAL CENTER)

Jeremiah W. Overman #1426110

42 USC 1983

## INITIAL CLAIM/COMPLAINT

Comes NOW **Jeremiah W. Overman,** (Petitioner) and hereinafter just referred to as "Overman", who is filing this civil action under **42 USC 1983 (Civil Rights Act)**, pro se and with this Initial Complaint/Claim(s), against the parties so listed and stated herein as, **"Dr. Wang" (physician for Green Rock Corr. Center); Mrs. Massenberg, (Grevience Coordinator for Green Rock Crr. Center); Mr. Melvin Davis, (Interium Warden for Green Rock Crr. Center), GROC Administration et al.,** who are all (Respondents) to the claimed matters stated herein and who acted in their personal capacities (which they are liable), while they were allegedly in their official capacities, which resulted in **Cruel and Unusual Punsihment** which is prohibited by the (8th) Amednment of the U.S. Constitution and (Article 1, Section 9) of the Virginia Constitution. Due to their wanton acts of cruelty and their lack of action and treatment of the medical matters so stated, which Overman has endured over the course of almost (2) years such parties are liable for negligence which Overman seeks both **Monetary** and **Punitive Damages.** Overman offers the following facts and evidences in support of his claims and statements to wit:

Claim 1- That in the spring of 2015, Overman dislocated his knee while playing basketball. Upon being examined by the medical department and Dr. Wang, Overman was only provided a kneee brace at cost to him, after x-rays were taken which only show bone structure integrity and/or damage. An x-ray does not reveal ligimate or tendon damage, as an "MRI" would clearly show, and which Overman requested of Dr. Wang to do. Dr. Wang refused to send Overman for the much needed MRI. This resulted in Overman having contant severe pain in his knee, which further caused back discomfort as well due to the untreated injury of his knee, which a brace failed in itself to correct and heal.

Approximately in October 2015, Overman re-injured the unhealed knee injury for a second time, which resulted in his being placed on crutches for (11) days. It should be noted, that the knee's first injury had not been properly treated and was not healed from the first injury, when the second and more detrimental injury happened. The neww injury only compounded the first injury which has caused more severe damages.

Because the first injury to the knee was not properly diagnosed due to an MRI being refused, which left the knee in a weakened and vulnerable state, and which allowed for the second injury to occur so easily, and has left

Jeremiah W. Overman #1426110

42 USC 1983

overman with a constant limp, and severe pain with every step that he takes due
to the negligence of these parties listed herein.

Overman visted Dr. Wang again for the new injury, and Dr. Wang
stated that he would order an MRI, however, the administartion denied the MRI
and stated that the MRI was not needed. Therefore, The administration negligently
interfered with a Dr's Orders.

Overman greived this matter, (Please see attachment), and was
still denied the MRI and proper treatment by a professional in the field to add-
ress Overmans injured Knee. By making such decisions on all of the parties behalf,
all parties knowingly and wantonly inflicted Cruel and Unusual Punishment onto
Overman for a period of almost (2) years now and which Overman still suffers. The
Dr. Failed to address the first injury properly, the administaration then took
the role of a physician when they knowing and negligently denied an MRI the Dr.
Wang ordered himself, of which the Adminstration, Warden, and Grevience corrid-
dinator, are trained to asses, nor have the right to interfere with such life
altering judgement calls. However, all respondents knowingly and clearly under-
standably made such decisions in a negligent and wanton act of cruelty and has
created a detrimental and capricious act(s) against Overman, which is his right
to have fair and just medical treatment, due to the fact, that when the state of
Va. DOC took custody of Overman as their ward of the state, they also took on all
such responsibilities as he would take care of himself in society. That means,
proper food, clothing, lodging, and especially health care, regardless of the
cost. If the budget does not allow for such proper treatment in a humane manner,
then Overman and other individuals need to be released, as it is clear from the
individuals stated herein (respondents) that such treatment cannot be had at this
facility.

In the case of **Mata v. Saiz**, 427 F.3d 745, 754-55 (10th Cir 2005),
The court held that "The 8th Amendment claim, was stated and upheld by the court
because the prisoner experienced chest pains and was denied medical treatment aND
had a heart attack"; Also in the case of **Vaughn V. Gray**, 557 F.3d 904, 909-10
(**8th Cir. 2009**), The court held that, "The 8th Amendment claim was state and up-
held by the court when prison officials disregarded prisoners vomiting and re-
questy for medical attention from the prisoner with a known medical condition";
Also see, **Brown V. D.C.**, 514 F.3d 1279, 1284-85 (**D.C. Circuit 2008**), The court
held that, "The 8th Amendment claim was stated and upheld by the court, where
the doctor diagnosed inmate with gallstones and ordered him to be transfered to
the hospital immediately, but prison staff never transferred inmate even though
he continued to complain of the pain";

-2-

Jeremiah W. Overman #1426110

42 USC 1983

     **Claim #2-** Overman advised the doctor at Buckingham Correctional Center, in <u>2011</u>, that he was having trouble urinating and was in need of an examination and treatment by a Urologist. However, the doctor failed in his obligation to treat the matter or refer Overman to the Urologist.

     Overman was then transferred to Sussex II Correctional Center and Overman also advised that doctor there of his problems urinating and the pain and discomfort associated with the problem. However, the doctor at that facility failed in his obligations to assess the matter and refer for professional treatment to the Urologist and failed to take the matter seriously.

     At last, in <u>2014</u>, Overman was thsi same facility, (Green Rock Crr. Center), and was at last allowed to go to the Urologist. Once he was examined, it was found that Overman indeed had an enlarged prostrate, and was placed on "Flo-Max" medicine by the Urologist, and was directed to return in (6) months time for a follow up visit and re-examination.

     After (6) months was exhausted, Overman inquired to Dr. Wang as to his follow-up visit, however, Dr. Wang stated that wasn't necessary and that he would monitor my situation from Green Rock Crr. Since that time, there has been absolutely no follow-up to the Urologist, nor any examination or follow-up by Dr. Wang himself, who clearly doesn't specialize in these matter as the Urologist does, and he is certainly not trained in the assesment of such situations as Overman suffers.

     Approximately (6) months previous to this filing, Overman went to Dr. Wang once again, and advised him that his situation had worsened and that he was in desperate need to go back to the Urologist which should have been done long ago. Overman explained to Dr. Wang, that the pain has worsened in his stomach and that his urine is cloudy, and it was even harder to relieve himself. Dr. Wang ignored Overmans pleas for treatment and still refused to send him back to the Urologist for another examination. Overman still lives with such symptoms of pain, cloudy urine, and the inability to urinate properly, which has caused loss of sleep, appetite, and has increased an acute stress and axiety level, which is of detriment to his mental state, on top of the already stressful matter which are accompanied with prison living as Overman is forced to endure.

     It is imparetive, that Overman be taken and allowed to see a Urologist immediately, for both the preservation of his physical health, but also his mental state of mind. Each of the doctors from each facility were negligent in their treatment and assesment of Overmans condition and failed in giveing adequate  treatment and insuring that he was treated by a specialist.

Jeremiah W. Overman #1426110

42 USC 1983

Also in the case of **Estelle V. Gamble**, 429 U.S. 97, 105-06 (1976), The court held that, "Only "deliberate indifference" and not accidents or inadvertant failure to provide medical attention and care violates the 8th Amedment of the U.S. Constitution".

In referencing all of the forgoing cases, Overman shows the supportive factors of the negligence by the Dr. and the Warden and it's administration. All parties were clearly aware of the others actions and the clear deliberate indifference each party had a first hand role in compiling the negligence and cruel and unusual punishment against Overman, when such pain and suffereing (including a secondary injury) could have been avoided had they all just simply done the job they are paid to do and what the DOC is budgeted by the state to uphold and carry through on such much needed medical treatment of which Overman was refused many times over, even after his continued compaints. Even after the second injury, the instutional staff and Dr. failed in their direct obligations to do their jobs and supply the correct medical treament needed by Overman, which has caused a permanent damage to Overman which will require much treatment, surgery, and therapy to hopefully correct. Even with such treatment at this late stage in the double injury, it is most likely to cause and have constant discomfort and pain for the rest of his life.

Therefore, In considering the forgoing facts and evidences, it is prayed that this Honorable Court will allow monetary and punitive damages to cover the costs of pain/suffering/anxiety/and injury, and to cover the furture costs of all medical treatments and therapy and surgery to correct the injury as well as can be effectied from such hospitalization and medical therapy and treatment. It is further prayed that such medical treament be ordered into effect immediately to avoid furthered damages to Overmans health and person, both menatally and physically. **It is so prayed.**

CC: Personal File

Respectfully Submitted,

*Jeremiah Overman*

**Jeremiah W. Overman #1426110**

"I certify that the above notary is not a party of this action."

*Jeremiah Overman*



—3—

## CERTIFICATE OF SERVICE

     I **Jeremiah W. Overman**, certify that I have mailed a true copy of this action to all respondent parties listed below. First Class Postage pre-paid and mailed on this date of ___3/10___ ___2017___ .

     **Mr. Dr. Wang; Mrs. Massenberg; Mr. Melvin Davis; GROC Admin. et al.**, which are all located at the address of Green Rock Correctional Center, P.O. Box 1000, chatham, va. 24531.

**CC: Personal File**

Respectfully Submitted,

*Jeremiah Overman*

Jeremiah W. Overman #1426110

"I certify that the above notary
Is not a party of this action."
*Jeremiah Overman*



-4-